**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4590**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

SHELDON HAMPTON, a/k/a Shells,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.   Irene M. Keeley, District Judge.  (1:10-cr-00066-IMK-JSK-2)

———————

Submitted:  November 28, 2011      Decided:  December 15, 2011

———————

Before WILKINSON, MOTZ, and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

William L. Pennington, Morgantown, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, John C. Parr, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sheldon Hampton appeals the ninety-two-month sentence imposed following his guilty plea to conspiracy to distribute more than 500 grams of cocaine and more than twenty-eight grams of cocaine base, in violation of 21 U.S.C.A. §§ 846, 841(a)(1) (2006), and tampering with a witness, in violation of 18 U.S.C. § 1512(a)(2)(A) (2006). Counsel for Hampton filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning whether the district court erred in denying Hampton's motion for a variant sentence and whether the district court erred in imposing a sentence in the middle of the Guidelines range. Counsel states, however, that he has found no meritorious grounds for appeal. Although notified of his right to file a pro se supplemental brief, Hampton did not do so. We affirm.

We review a sentence imposed by a district court under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Lynn, 592 F.3d 572, 575-76 (4th Cir. 2010). We begin by reviewing the sentence for significant procedural error, including such errors as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately

2

explain the chosen sentence — including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51. If there are no procedural errors, we then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

"When rendering a sentence, the district court 'must make an individualized assessment based on the facts presented.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50) (emphasis omitted). Accordingly, a sentencing court must apply the relevant § 3553(a) factors to the particular facts presented and must "'state in open court'" the particular reasons that support its chosen sentence. Id. (quoting 18 U.S.C.A. § 3553(c) (West 2000 & Supp. 2011)). The court's explanation need not be exhaustive; it must be "sufficient 'to satisfy the appellate court that the district court has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority.'" United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)) (alterations omitted).

We conclude that the sentence imposed by the district court was both procedurally and substantively reasonable. Hampton's within-Guidelines sentence is presumed reasonable, and

3

there is nothing in the record to rebut that presumption. See United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) ("A defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." (internal quotation marks and alteration omitted)). The district court calculated the Guidelines range and understood that it was advisory. Furthermore, it is apparent that the court had a reasoned basis both for denying Hampton's requested variant sentence and for imposing a sentence in the middle of the Guidelines range. The court made an individualized statement explaining the sentence imposed. We conclude the sentence was reasonable.

In accordance with Anders, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Hampton, in writing, of the right to petition the Supreme Court of the United States for further review. If Hampton requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hampton. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

4

before the court and argument would not aid the decisional process.

AFFIRMED